**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02429-CMA-KLM

MARION HARPER, and
MONTGOMERY COYOTE,

    Plaintiffs,

v.

MONT. CO BOARD OF COMMISSIONERS,
SHERIFF DEPT.,
CITY OF CORTEZ,
CORTEZ POLICE,
22ND JUDICIAL DISTRICT, and
OFFICER ANGEL O. MARTINEZ,

    Defendants.

---

# ORDER

---

This case is before the Court on the "Joint Motion to Strike Plaintiffs' Complaint-Amended Complaint Per Judge Boyd Boland's Order," filed by Defendants City of Cortez, Cortez Police Department, Officer Angelo Martinez, Montezuma County Board of Commissioners, and the Montezuma County Sheriff's Office, (collectively "Defendants"[1]), (Doc. # 36); two motions to dismiss filed by Montezuma County Board of Commissioners and the Montezuma County Sheriff's Office, (Doc. # 26), and

---

[1] The 22nd Judicial District has not entered an appearance in this case or filed a responsive pleading in this matter.

Defendants City of Cortez, Cortez Police Department, and Officer Angelo Martinez, (Doc. # 7); and Defendants' Joint Motion to Quash Subpoena (Doc. # 31).

## I. **BACKGROUND**

Plaintiffs initiated this lawsuit *pro se* in Montezuma County District Court on April 31, 2012. (Doc. # 1 at 1.) Plaintiffs' complaint alleged violations of "numerous federal and state laws, including illegal police surveillance and harassment of Native Americans, Blacks, and Hispanics; racial profiling; discrimination based on race and jury selection process." (Doc. # 3.) Plaintiffs' "Notice of Pending Litigation" referenced a "federal class action" alleging "constitutional violations [and] 42 U.S.C. [§] 1983 denial of rights under cover [sic] of law . . . ." (Doc. # 1-B at 3-4.) On September 13, 2012, the case was removed to federal court because it presented various federal questions. (Doc. # 1.) On September 5, 2012, Plaintiffs filed another lawsuit in this District alleging similar claims, but adding the names of several judges and the district attorney in the 22nd Judicial District. (No. 1:12-cv-02368-LTB, Doc. # 1.) Magistrate Judge Boland issued an order striking the complaint in that case as non-compliant with Fed. R. Civ. P. 8. (*Id.*, Doc. # 7.)

Plaintiffs served a subpoena dated February 22, 2013 on counsel for Defendants City of Cortez, Cortex Police Department, and Officer Angelo Martinez requesting appearance of an unnamed party at a hearing on March 15, 2013 and production of several documents. (Doc. # 29.) Defendants moved to quash the subpoena. (Doc. # 31.) On March 15, 2013, Plaintiffs filed an amended complaint in the case at bar,

(Doc. # 33), and Defendants filed a joint motion to strike Plaintiffs' amended complaint (Doc. # 36).

## II. STANDARD OF REVIEW

The court must construe the pleadings liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this general rule has limits: "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Hall*, 935 F.2d at 1110.

## III. DISCUSSION

As a threshold matter, the Court notes that both complaints in this case are signed only by Mr. Harper, who has already been admonished by Magistrate Judge Boland that he "may not assert claims on behalf of other individuals, and he may not list other individuals as Plaintiffs in a pleading that only he has signed." (No. 1:12-cv-02368-LTB, Doc. # 7 at 1-2.) A *pro se* litigant may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Therefore, Mr. Harper may pursue only his own individual claims in this action and this Court will discuss only the pending motions as they apply to Mr. Harper as the named Plaintiff.

**A      AMENDED COMPLAINT**

Defendants argue that Plaintiff's amended complaint should be stricken because Plaintiff did not seek permission from the other parties or leave from this Court. (Doc. # 36.)   Before trial, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B) (discussing pleadings to which a responsive pleading is required); Fed. R. Civ. P. 12 (complaints require a responsive pleading).  Plaintiff filed his original complaint on April 31, 2012 and the case was removed to federal court on September 13, 2013.  Defendants filed motions to dismiss pursuant to 12(b) on September 21, 2012 and January 18, 2013.  Plaintiff filed an amended complaint on March 15, 2013, well outside of the 21 day limit imposed by Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff, therefore, was not entitled to amend his complaint as a matter of course and may only amend with this Court's permission or Defendants' written consent.

Moreover, Plaintiffs' amended complaint includes Defendants that were not previously named in their original complaint, and also leaves off the "Sheriff['s] Department."[2]  (Doc. # 33.)  "An amendment changing parties requires leave of the court . . . ."  *Sparks v. Foster*, 2006 WL 446081 at *1 (D. Colo. Feb. 21, 2006) *aff'd*, 241 F. App'x 467 (10th Cir. 2007) (quoting 7 Wright, Miller, & Kane, *Federal Practice and*

---

[2] Plaintiffs' amended complaint appears to be identical to the amended complaint filed in a dismissed case before Judge Babcock, which originally included several judges and the district attorney from the 22nd Judicial District, and did not include the "Sheriff['s] Department." (No. 1:12-cv-02368-LTB, Doc. # 1.)

*Procedure: Civil 3d* § 1688 (2001)). Thus, Plaintiff may not add or remove parties to the action without leave of the Court.

For these reasons, and because Plaintiff attempts to assert claims on behalf of another individual plaintiff and a class of plaintiffs, the Court strikes Plaintiff's amended complaint. However, Plaintiff may amend his complaint in a manner consistent with this order. In so doing, Plaintiff should ensure that he only asserts claims on his own behalf and that he correctly names the entities and individuals that he intends to sue as defendants.

**B.    MOTIONS TO DISMISS**

Defendants also filed two separate motions to dismiss, based on Plaintiff's initial complaint. Because the Court determined that Plaintiff's amended complaint must be stricken, the Court will now address the sufficiency of his original complaint pursuant to the motions to dismiss, which raise essentially the same arguments. The Court further notes that Plaintiff did not respond to the motions; therefore, they are unopposed.

1. Insufficient Service of Process

Defendants argue that Plaintiff's complaint should be dismissed for insufficiency of process and service of process. *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5). Defendants first point out that Plaintiff signed the affidavit as the process server, in violation of Fed. R. Civ. P. 4(c)(2) and Colo. R. Civ. P. 4(d), which state that a party may not serve a summons and complaint. Although this alone may be sufficient ground to dismiss Plaintiff's complaint, the Court is mindful of its obligation to helpfully advise a *pro se*

litigant of Rule 4 requirements and to allow an opportunity to comply. *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003) (dismissal with prejudice for failure to serve under Rule 4 is error because the rule is complicated and the record is replete with Plaintiffs' attempts to comply with the rule). In so advising, the Court makes no determination as to the propriety of claims against any Defendant.[3] *See Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) ("[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.")

The only filing Plaintiff made to demonstrate that he served Defendants was an "Affidavit of Service" filed with Montezuma County Court. (*See* Doc. # 1-1 at 1.) This affidavit shows that Plaintiff impermissibly served the summons and complaint himself. *See* Fed. R. Civ. P. 4(c)(2) and Colo. R. Civ. P. 4(d). The affidavit also fails to identify which defendants Plaintiff served, making it impossible for this Court to determine whether service was proper. In support of their motion, Defendants include several affidavits averring that Plaintiff did not properly serve them. (*See* Doc. # 1-1.) Plaintiff did not respond to either motion to dismiss.

As no waivers of service have been filed with the court, Plaintiff must comply with the service requirements of Fed. R. Civ. P. 4, governing service on, *inter alia,*

---

[3] The 22nd Judicial District has not entered an appearance in this matter. However, if a defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m); *see also Espinoza v. United States*, 52 F. 3d 838, 841 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissible extension of time may be warranted. At that point, the district court may in its discretion either dismiss the cause without prejudice or extend the time for service.") The Court *sua sponte* includes the 22nd Judicial District to provide guidance to Plaintiff as to how to roperly proceed with his claims, but does not dismiss the claims on this basis.

individuals, municipal corporations, and state-created governmental organizations.  *See* Fed. R. Civ. P. 4(e), (j)(2).  Pursuant to the Federal Rules of Civil Procedure, an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). State law provides for personal service in Colorado:

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

Colo. R. Civ. P. 4(e)(1).

"A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Colorado law provides for service on, *inter alia,* a municipal corporation "by delivering copy thereof to the mayor, city manager, clerk, or deputy clerk," Colo. R. Civ. P. 4(e)(6), a county "by delivering a copy thereof to the county clerk, chief deputy, or county commissioner," Colo. R. Civ. P. 4(e)(7), and on "an officer, agent, or employee of the state, acting in an official capacity, by delivering a copy thereof to the officer, agent, or employee and by delivering a copy to the attorney general." Colo. R. Civ. P. 4(e)(10)(A). A political subdivision, special district, or quasi-municipal entity may be served "by delivering a copy thereof to any officer or general manager, unless otherwise provided by law." Colo. R. Civ. P. 4(e)(11).

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc., v. Mitchetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Jenkins v. City of Topeka,* 136 F.3d 1274, 1275 (10th Cir. 1998) ( "Effectuation of service is a precondition to suit. . . ."); *Oklahoma Radio Associates v. F.D.I. C.,* 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted). "[T]he serving party bears the burden of proving" the validity of service of process "or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990); *see also Fed. Deposit Ins. Corp. v. Oaklawn Apartments,*

959 F.2d 170, 174 (10th Cir. 1992) (plaintiff has burden of establishing validity of service of process). Plaintiff has not carried his burden of demonstrating that the Defendants have been properly served. Therefore, if Plaintiff choses to file an amended complaint in this action, he must serve Defendants in a manner consistent with this order.

2. Failure to State a Claim

Defendants also move to dismiss Plaintiff's original complaint for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide fair notice to the defendants sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8.

Plaintiff's original complaint fails to articulate specific allegations as to each defendant and the corresponding basic details, such as the date of the act or identification of alleged actor, as well as the specific legal right each defendant allegedly violated. The complaint makes conclusory statements loosely tied to various Constitutional claims, but contains no facts that would allow this Court to "draw the reasonable inference that defendant[s are] liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. In short, the complaint totally fails to state a plausible claim for relief, or to comply with the federal rules. Although the 22nd Judicial District has not filed a motion to dismiss on this basis, the Court notes that Plaintiff's complaint wholly fails to raise a plausible claim as to any defendant. However, "dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). With this in mind, the Court acknowledges that it must give Plaintiff an opportunity to amend his complaint to fix these deficiencies.

The Court advises Plaintiff to provide a short and concise statement explaining what each defendant did to him, when each defendant did it, how each defendant's action harmed him, what specific legal right each defendant violated, and what remedy he seeks for each violation. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010). Furthermore, because Plaintiff is asserting claims

against municipal entities, he must identify a municipal policy or custom that caused the alleged violations of his rights. See Dodds v. Richardson, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability).

## C.  MOTION TO QUASH SUBPOENA

Defendants also move to quash the subpoena dated February 22, 2013 that Plaintiff served on counsel for Defendants City of Cortez, Cortex Police Department, and Officer Angelo Martinez requesting appearance of an unnamed party at a hearing on March 15, 2013 and production several documents. (Doc. # 31.) The Court date for this conference has passed and consistent with this order, both complaints are dismissed. Therefore, the motion to quash is DENIED AS MOOT.

Until Plaintiff files a proper complaint, he may not serve a subpoena. To the extent Plaintiff attempts to use a subpoena to compel production of documents, the Court reminds Plaintiff that once a proper complaint is filed, he may request discovery from Defendants consistent with Fed. R. Civ. P. 34.

## IV.  CONCLUSION

Accordingly, it is ORDERED that the Joint Motion to Strike "Plaintiffs' Complaint-Amended Complaint Per Judge Boyd Boland's Order" (Doc. # 36) is GRANTED and the amended complaint is STRICKEN. It is

FURTHER ORDERED that Defendants City of Cortez, Cortez Police Department, Officer Angelo Martinez, Montezuma County Board of Commissioners, and the Montezuma County Sheriff's Office Motions to Dismiss (Doc. ## 7, 26) are

GRANTED and Plaintiff's original complaint is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED if that Mr. Harper wishes to proceed with his claims in this action, he must file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Harper properly serve Defendants in such a way that complies with the Federal Rules of Civil Procedure **within one hundred twenty (120) days from the date he files his amended complaint**. It is

FURTHER ORDERED that, if Mr. Harper fails within the time allowed to file an amended complaint that complies with this order and/or fails to properly serve Defendants, the action will be dismissed without further notice. It is

FURTHER ORDERED that Defendant's motion to quash (Doc. # 31) is DENIED AS MOOT.

DATED: May __09__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge