IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02429-CMA-KLM

MARION HARPER,

      Plaintiff,

v.

ROBIN CRONK, Montezuma County Sheriff's Dept.,
MONTEZUMA COUNTY BOARD OF COMMISSIONERS,
CITY OF CORTEZ, COLORADO,
ANGELO MARTINEZ, Cortez, Colorado, Police Department,
RUSSELL WASLEY, District Attorney, 22nd Judicial District,
HON. J. E. LAWRENCE, Judge, 22nd Judicial District,
HON. DOUGLAS WALKER, Judge, 22nd Judicial District, and
HON. TODD PLEWE, Judge, 22nd Judicial District,

      Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Plaintiff's **Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915** [Docket No. 44; Filed May 17, 2013] (the "Motion and Affidavit").  In the Motion and Affidavit, Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  *Motion and Aff.* [#44] at 1.

### I. Background

On September 5, 2012, Plaintiff filed a complaint against Defendants[1] in 12-cv-02368-LTB which included allegations relating to the same conduct Plaintiff includes in his

_____

[1] Defendant Cronk was not named in that suit.  All other Defendants are identical in the two cases.

1

Complaint.  Magistrate Judge Boland issued an order striking the complaint in that case as

non-compliant with Federal Rule of Civil Procedure 8.  *See* No. 12-cv-02368-LTB, #7.  On

October 17, 2012, Judge Babcock dismissed Plaintiff's claims in that action without

prejudice.  *See* No. 12-cv-02368-LTB, #9.

On August 31, 2012, Plaintiff initiated this lawsuit *pro se* in Montezuma County

District Court.  Plaintiff's Complaint alleged violations of "numerous federal and state laws,

including illegal police surveillance and harassment of Native Americans, Blacks, and

Hispanics; racial profiling; discrimination based on race and jury selection process." *Compl.*

[#3] at 1.  Plaintiff's "Notice of Pending Litigation" referenced a "federal class action"

alleging "constitutional violations [and] 42 U.S.C. [§] 1983 denial of rights under cover [sic]

of law . . . ."  *See Summons* [#1-2] at 3-4.  On September 13, 2012, Defendant City of

Cortez removed the state court action to federal court.  *See generally Verified Notice of

Removal* [#1].  On March 15, 2013, Plaintiff filed an amended complaint in the case at bar,

*see generally* [#33], and Defendants filed a joint motion to strike Plaintiffs' tendered

amended complaint [#36].  On May 9, 2013, the Court struck Plaintiff's tendered amended

complaint and granted Plaintiff leave to file an amended complaint consistent with the

instructions in the Court's Order [#40].  In its Order, the Court found that:

> Plaintiff's original complaint fails to articulate specific allegations as to each
> defendant and the corresponding basic details, such as the date of the act or
> identification of alleged actor, as well as the specific legal right each defendant
> allegedly violated. The complaint makes conclusory statements loosely tied
> to various Constitutional claims, but contains no facts that would allow this
> Court to "draw the reasonable inference that defendant[s are] liable for the
> misconduct alleged." *See Iqbal*, 556 U.S. at 678. In short, the complaint totally
> fails to state a plausible claim for relief, or to comply with the federal rules.
> Although the 22nd Judicial District has not filed a motion to dismiss on this
> basis, the Court notes that Plaintiff's complaint wholly fails to raise a plausible
> claim as to any defendant. However, "dismissal of a *pro se* complaint for

failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

*Order* [#40] at 10.  Accordingly, the Court granted Defendants City of Cortez, Cortez Police Department, Officer Angelo Martinez, Montezuma County Board of Commissioners, and the Montezuma County Sheriff's Office's Motions to Dismiss [##7, 26] and dismissed the Complaint without prejudice.  The Court granted Plaintiff leave to file an amended complaint "that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order" within thirty days of the Order.  *Id.* at 12.  In response, Plaintiff filed the Amended Complaint [#43] on May 17, 2013.  On that same day, Plaintiff filed the instant Motion and Affidavit [#44].

## II.  Analysis

An application to proceed *in forma pauperis* is governed by 28 U.S.C. § 1915. This section provides, in pertinent part:

> (a) (1) Subject to subsection (b), any court of the Untied States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

> . . .

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

3

28 U.S.C. § 1915.  Petitioner here is not a "prisoner" as defined in this section, but the Tenth Circuit has made clear that "[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013). Likewise, the Court must apply Section 1915(e)'s "frivolous or malicious" standard to both prisoner and non-prisoner litigation.  *See Merryfield v. Jordan,* 584 F.3d 923, 926 (10th Cir. 2009). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312-13 (citation omitted).

## A.     *In Forma Pauperis* **Status is Appropriate**

"Under § 1915(a), a district court 'may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.'"  *U.S. v. Garcia*, 164 F. App'x 785, 786 (10th Cir. 2006) (unpublished decision) (citing 28 U.S.C. § 1915(a) and *Lister*, 408 F.3d at 1311).

The Court notes that while the Motion and Affidavit is in the proper form, the "financial obligations" section lists a total of $900.00 instead of the correct total of $2,400.00 based on the provided information.  *Motion and Aff.* [#44] at 3.  The Court will attribute this to a mathematical error by Plaintiff.  Assuming the veracity of Plaintiff's application, Plaintiff appears unable to pay the necessary filing fees and costs associated with litigation.  *Id.*

4

As such, the Court finds Plaintiff indigent.  Plaintiff therefore satisfies the first requirement for *in forma pauperis* status.  In accordance with § 1915(e), the Court next evaluates whether the complaint should be dismissed based on frivolity, malice, or failure to state a claim upon which relief can be granted.

**B.      Plaintiff's Complaint**

Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lewis v. Burger King*, 344 F. App'x 470, 472 (10th Cir. 2009) (unpublished decision) ("Section 1915(e)(2)(B)(ii) permits a court to dismiss an IFP action if it fails to state a claim on which relief may be granted.") (internal quotation omitted).  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus,* No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar.17, 2010) (quoting *Price v. Heyrman,* No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan.22, 2007) (citing *Neitzke,* 490 U.S. at 327)). However, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation omitted).  "In determining whether a dismissal is proper, [the Court] must accept the allegations of the complaint as true and construe th[e] allegations, and any reasonable

5

inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quotation omitted). Further, because Plaintiff is appearing *pro se*, the Court must construe the Complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Liberally construed, the Amended Complaint contains four allegations: (1) false arrest against Defendant Robin Cronk, *am. compl.* [#43] at 2 ("Robin Cronk arrested Plaintiff Marion Harper on the false pretext of a REMAND . . ."); (2) withholding of medical care against Defendant Montezuma County Sheriff's Department[2] and, potentially against Defendant Montezuma County Board of Commissioners, *id.* at 4 ("Plaintiff was subjected to . . . withholding of medical care by Montezuma County Detention Facility, and a violent physical attack by another inmate while being held in the Detention Facility"); (3) intentional infliction of emotional distress against Defendant Angelo Martinez, *id.* at 5 ("Officer Martinez made threatening gestures with his gun" and alleging Plaintiff suffered "anxiety trauma"); and (4) an allegation that "[o]n June 26th 2012 in violation of law, Montezuma

---

[2] While the Montezuma County Sheriff's Department is not named as a defendant in the caption of the Amended Complaint, Plaintiff lists it as a defendant under the "Parties" portion of the Amended Complaint. In addition, the apparently incomplete caption on the original complaint filed in state court includes "Sheriff Dept." *See Compl.* [#3] at 1. Therefore, reading the Amended Complaint liberally for purposes of this Recommendation, the Court will assume that Plaintiff intended to name the Montezuma County Sheriff's Department as a defendant in this action.

County Sheriff's Dept. and the Cortez Police Dept. entered [Plaintiff's apartment] without either his permission or foreknowledge and removed more than ten boxes of personal belongings, which were placed into the private storage of Paul Lemon." *Id.* at 3.   The Amended Complaint entirely fails to state a claim against the other named Defendants: District Attorney Russell Wasley ("Wasley"), Judge J.E. Lawrence ("Lawrence"), Judge Douglas Walker ("Walker"), and Judge Todd Plewe ("Plewe").   Plaintiff requests "damages in the amount of $250,000 per Defendant," injunctive relief, and "legal research fees . . . in the amount of $226,000." *Id.* at 6.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Federal Rule of Civil Procedure 8 are designed to meet these purposes. *See TV Comm's Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a).   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8."  No. 12-cv-02368-LTB, #7 at 2.

7

As previously advised by the Court, in order to state a claim in federal court, Plaintiff must explain "what each defendant did to him, when each defendant did it, how each defendant's action harmed him, what specific legal right each defendant violated, and what remedy he seeks for each violation." *Order* [#40] at 10 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) and *Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010)). "Furthermore, because Plaintiff is asserting claims against municipal entities, he must identify a municipal policy or custom that caused the alleged violations of his rights. *Id.* at 11 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010)); *see also* No. 12-cv-02368-LTB, #7 at 3 ("because Mr. Harper is asserting claims against municipal entities, he must identify a municipal policy or custom that caused the alleged violations of his rights."). Finally, the general rule that *pro se* pleadings must be construed liberally has limits and "the [C]ourt cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Here, Plaintiff fails to allege any claims against Defendants Wasley, Lawrence, Walker, and Plewe.[3]  Further, even after being advised both by Judge Arguello and Judge Boland that

---

[3] While not raised by any party, the Court further notes that three of the Defendants against whom Plaintiff fails to allege any allegations are state court judges.  All mentions of these individuals in the Amended Complaint relate to their roles as judges and, as such, they are subject to judicial immunity.  A judge will lose absolute immunity from a suit for damages only for (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they deal with the judge in his judicial capacity." *Stump,* 435 U.S. at 362. Further, to the extent Plaintiff could allege claims against these Defendants pursuant to 42 U.S.C. § 1983, any such claims seeking injunctive relief would also be barred.  *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir 2008).

8

claims against municipal entities must identify policies or customs that caused the alleged violations, Plaintiff fails to allege any such policies or customs.

### III.  Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that Plaintiff's Motion and Affidavit [#44] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims against Defendants Wasley, Lawrence, Walker, Plewe, the Montezuma County Sheriff's Department, the Montezuma County Board of Commissioners, and the Cortez Police Department be **DISMISSED without prejudice**.[4]

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th

---

[4] If the District Judge accepts this Recommendation, the only remaining claims will be: (1) Plaintiff's claim against Defendant Cronk relating to his October 17, 2011 arrest of Plaintiff and (2) Plaintiff's intentional infliction of emotional distress claim against Defendant Martinez.

Cir. 1996).

Dated June 11, 2013                          BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge