IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02429-CMA-KLM

MARION HARPER,

    Plaintiff,

v.

ROBIN CRONK, Montezuma County Sheriff's Dept., and
ANGELO MARTINEZ, Cortez, Colorado, Police Department,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Joint Motion to Stay Proceedings Pending Resolution of All Potentially Outstanding Dispositive Matters** [Docket No. 69; Filed August 21, 2013] (the "Motion"). On September 4, 2013, Plaintiff filed a Response [#72]. On September 11, 2013, Defendants filed a Reply [#77]. Defendants ask the Court to stay discovery in this case until after final resolution of the pending dispositive motions [##51, 59] and resolution of the pending Order to Show Cause [#61].[1] On September 9, 2013, the District Judge adopted and affirmed the Court's Recommendation [#53], resulting in dismissal of all but two claims in this action. *See generally Order* [#75]. As a result, the only remaining claims are: (1) false arrest against Defendant Robin Cronk, *am. compl.* [#43] at 2 ("Robin Cronk arrested Plaintiff Marion Harper on the false pretext of a REMAND . . .") and (2) intentional infliction of emotional distress against Defendant Angelo Martinez,

---

[1] The Court has since entered a second Order to Show Cause [#63].

*id.* at 5 ("Officer Martinez made threatening gestures with his gun" and alleging Plaintiff suffered "anxiety trauma").

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation

2

omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, a stay may prejudice Plaintiff. Plaintiff's main argument against a stay is unclear but seems to stem from Plaintiff's belief that he will prevail on his claims. *See Response* [#72] at 2. Plaintiff also argues that the Motion "is a thinly veiled attempt to . . . stall[ ] for more time while the statute of limitations run[s] . . ." *Id.* Plaintiff's argument does not *establish* prejudice since Plaintiff has already asserted his claims in the instant action. However, the Court notes that if the remaining claims are dismissed with prejudice, the statute of limitations may not be deemed to be tolled by the instant case, and therefore, in such a circumstance, there *may* be prejudice to Plaintiff. *See Cook v. G.D. Searle & Co., Inc.*, 759 F.2d 800, 804-05 (10th Cir. 1985) ("when a statute of limitations does not specifically allow for tolling during the pendency of a prior action, a party cannot deduct from the applicable limitations period the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice"). Therefore, the Court finds that the first *String Cheese Incident* factor weighs against a stay.

With regard to the second factor, the Court finds that Defendants have demonstrated

3

that proceeding with the discovery process presents an undue burden. Defendants argue that a stay will "save the costs of conducting discovery on claims that will not proceed to trial." *Reply* [#77] at 3. The Court agrees but does not find that this constitutes an *undue* burden. However, in the pending Partial Motion for Judgment on the Pleadings and Partial Motion for Summary Judgment [#51], Defendant Cronk asserts that Plaintiff entered into a settlement agreement which bars the claim Plaintiff asserts against Defendant Cronk in the instant action. *MSJ* [#51] at 10-11; *see Reply* [#77] at 3. In addition, Defendant Cronk asserts that claim preclusion bars relitigation of the claim against Defendant Cronk because a state court action relating to Defendant Cronk's arrest of Plaintiff was brought by Plaintiff and dismissed with prejudice as a result of the parties' settlement of the action. *See MSJ* [#51] at 11. Because Defendants assert that at least one of the two remaining claims asserted by Plaintiff was previously litigated and settled with a payment of $25,000 being made to Plaintiff as consideration for his release of claims against Defendant Cronk, *id.* at 5, the Court finds that if Defendants were forced to engage in discovery of the same claim again, that would be an undue burden. Accordingly, the Court finds that the second *String Cheese Incident* factor weighs in favor of a stay.

With regard to the third factor, it is certainly more convenient for the Court to stay proceedings in the case until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor weighs neither

4

in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying the case pending resolution of the two pending dispositive motions [##51, 59] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#69] is **GRANTED in part** and **DENIED in part**. The Motion is based on both the pending dispositive motions [##51, 59] and a pending Order to Show Cause [#61]. An Order to Show Cause, alone, does not provide a basis for a stay which, as noted above, is disfavored. Accordingly, to the extent Defendants rely on a pending Order to Show Cause, the Motion [#69] is **DENIED**. In addition, Defendants ask the Court to instruct the parties as to the deadline for filing a proposed scheduling order. *Motion* [#69] at 5. That request is **DENIED as moot**. If necessary, when the stay is lifted, the Court will clarify the deadlines in the case.

IT IS FURTHER **ORDERED** that all discovery is stayed pending resolution of the pending dispositive motions [##51, 59].

Dated: September 13, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge