IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02429-CMA-KLM

MARION HARPER,

    Plaintiff,

v.

ROBIN CRONK, Montezuma County Sheriff's Dept., and
ANGELO MARTINEZ, Cortez, Colorado, Police Department,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **City Defendants' Motion to Dismiss** [Docket No. 59; Filed July 12, 2013] (the "Motion") filed by Defendant City of Cortez (the "City Defendant") and Defendant Angelo Martinez ("Martinez" and, collectively with the City Defendant, "Defendants"). On August 20, 2013, Plaintiff filed a Response [#67]. On September 5, 2013, Defendants filed a Reply [#71]. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition [#68]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below the Court respectfully **recommends** that the Motion [#59] be **denied as moot**.

### I. Background

    On May 23, 2013, the District Judge entered an order modifying the caption to reflect

1

that the Amended Complaint [#43] only included allegations brought by Plaintiff Marion Harper. *See Order to Amend Caption* [#47] at 1. On September 9, 2013, the District Judge adopted and affirmed the Court's Recommendation [#53], resulting in dismissal of all but two claims in this action. *See generally Order* [#75]. As a result, the only remaining claims are: (1) a claim against Defendant Robin Cronk relating to his arrest of Plaintiff on October 17, 2011, *am. compl.* [#43] at 2 ("Robin Cronk arrested Plaintiff Marion Harper on the false pretext of a REMAND . . .") and (2) a claim of intentional infliction of emotional distress against Defendant Angelo Martinez, *id.* at 5 ("Officer Martinez made threatening gestures with his gun" and alleging Plaintiff suffered "anxiety trauma").

## II. Analysis

While the Motion was filed on behalf of both the City Defendant and Defendant Martinez, the Motion makes no mention of the remaining claim against Defendant Martinez. Instead, the Motion asks the Court to "enter an order dismissing the City of Cortez as a defendant." *Motion* [#59] at 1; *see also id.* at 4 (argument section titled "Plaintiff fails to state a viable legal claim against the City of Cortez under 42 U.S.C. § 1983"). The only other argument advanced in the Motion relates to former Plaintiff Montgomery Coyote who is no longer a party to this action. *See id.* at 3 ("the City Defendants now move to dismiss Plaintiff's claims against the City of Cortez and to dismiss Plaintiff Montgomery Coyote as a Plaintiff in the matter"); *id.* at 5 (argument section titled "Montgomery Coyote has not alleged any violation of his constitutional rights.").

The Court also notes that in his Response, Plaintiff states: "Plaintiff now move[s] the Court to set a date for a Scheduling Conference, including mediation if possible." *Response* [#67] at 2. Pursuant to D.C.COLO.LCivR 7.1C, "[a] motion shall not be included

in a response or reply to the original motion. A motion shall be made in a separate paper." Therefore, the Court will not consider this one-sentence request buried in Plaintiff's Response. However, Plaintiff is not prohibited from filing such a motion in a separate pleading.

### III. Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#59] be **DENIED as moot**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 20, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge