IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02429-CMA-KLM

MARION HARPER,

     Plaintiff,

v.

ROBIN CRONK, Montezuma County Sheriff's Dept., and
ANGELO MARTINEZ, Cortez, Colorado, Police Department,

     Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Partial Motion for Judgment on the Pleadings and Partial Motion for Summary Judgment** [Docket No. 51; Filed June 7, 2013] (the "Motion") filed by Defendants the Montezuma County Board of Commissioners (the "Board"), the Montezuma County Sheriff's Office (the "Sheriff's Office"), and Robin Cronk ("Cronk" and, collectively with the Board and the Sheriff's Office, the "Defendants"). On August 20, 2013, Plaintiff filed a Response [#67]. On September 10, 2013, Defendants filed a Reply [#74]. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition [#52]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below the Court respectfully **recommends** that the Motion [#51] be **granted in part** and **denied as moot in part**.

1

## I. Background[1]

The Court incorporates by reference the case background stated in the Order and Recommendation entered on June 11, 2013 [#53].  On September 9, 2013, the District Judge adopted and affirmed the Court's Recommendation [#53], resulting in dismissal of all but two claims in this action.  *See generally Order* [#75].  As a result, the only remaining claims are:  (1) a claim against Defendant Robin Cronk relating to his arrest of Plaintiff on October 17, 2011, *am. compl.* [#43] at 2 ("Robin Cronk arrested Plaintiff Marion Harper on the false pretext of a REMAND . . .") and (2) a claim of intentional infliction of emotional distress against Defendant Angelo Martinez, *id.* at 5 ("Officer Martinez made threatening gestures with his gun" and alleging Plaintiff suffered "anxiety trauma").

In the Motion, Defendants seek dismissal of certain claims pursuant to Fed. R. Civ. P. 12(c).  *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) ("A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").  However, all claims against Defendants Board and Sheriff's Office have been dismissed.  Regarding Defendant Martinez, Defendants state that "Officer Martinez has not been an employee of the Sheriff's Office since 2004." *Motion* [#51] at 8.  In addition, Plaintiff clearly acknowledges that Defendant Martinez "was dismissed by the Montezuma County Sheriff Dept." after testimony was given in 2004. *Am. Complaint* [#43] at 5.  The Motion addresses claims involving Defendant Martinez which related to his employment with the Sheriff's Office.  *See Motion* [#51] at 8-9.  Those claims have also been dismissed.  Plaintiff's only remaining claim against Defendant Martinez is

---

[1]  The Court summarizes only those arguments contained in the Motion, Response, and Reply which merit analysis.

based on actions allegedly occurring on February 26, 2013 and is not addressed in the Motion.  Therefore, the Court will not engage in an analysis pursuant to Fed. R. Civ. P. 12(c) and will only focus on Defendant's argument for summary judgment pursuant to Fed. R. Civ. P. 56.

Defendants seek summary judgment on two claims—one of which has been dismissed.  The remaining claim for which Defendants seek summary judgment is Plaintiff's claim against Defendant Cronk  relating to his arrest of Plaintiff on October 17, 2011, *am. compl.* [#43] at 2 ("Robin Cronk arrested Plaintiff Marion Harper on the false pretext of a REMAND . . .").  Defendants argue that this claim is barred by a settlement agreement Plaintiff enter into regarding the events of October 17, 2011.  *Motion* [#51] at 10-11. Defendants also argue that this claim is barred by the doctrine of claim preclusion.  *Id.* at 11.

Plaintiff's Response is disjointed.  It purports to respond both to the Motion and to a separate motion to dismiss.  *See Response* [#67] at 1 (titled "Response to City Defendants' and County Defendants' Answer and Motion to Dismiss").  However, the Response does not address the specific arguments made in the Motion in a clear way and, instead, makes a variety of allegations and arguments relating to the case generally.  *See generally id.*  Regarding the remaining claim against Defendant Cronk, Plaintiff reiterates his original allegation but ignores Defendants' arguments regarding the settlement agreement.  *Id.* at 3-4 ("Robin Cronk . . . illegally arrested the Plaintiff on October 17[,] 2011 after falsely and knowingly demanding that Montezuma County Judge Jennilynn Lawrence issue[ ] a Remand for the Plaintiff's arrest.").

The Court also notes that in his Response, Plaintiff states: "Plaintiff now move[s] the

Court to set a date for a Scheduling Conference, including mediation if possible." *Response* [#67] at 2. Pursuant to D.C.COLO.LCivR 7.1C, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Therefore, the Court will not consider this one-sentence request buried in Plaintiff's Response. However, Plaintiff is not prohibited from filing such a motion in a separate pleading.

In their Reply, Defendants note that "Plaintiff's Response does not address the Settlement Agreement between Plaintiff and the [ ] Defendants, or his receipt of settlement funds pursuant to this settlement." Defendants argue that Plaintiff's claim against Defendant Cronk is barred because he "unequivocally released any and all claims against [ ] Defendants arising out of his detention by [Defendant] Cronk on October 17, 2011." *Reply* [#74] at 4.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material

4

fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a *prima facie* showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's Amended Complaint [#43] and Response [#67], the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should it "supply

additional factual allegations to round out his complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Undisputed Facts

In support of their request for summary judgment on Plaintiff's claim relating to his October 17, 2011 arrest, Defendants offer the following facts which are supported by documentary evidence and which Plaintiff does not dispute:

- Plaintiff was detained by [Defendant] Cronk on or about October 17, 2011 and brought to the Montezuma County courthouse to appear before County Court Judge JenniLynn Lawrence. After appearing before Judge Lawrence, Plaintiff was released.

- On November 3, 2011, Plaintiff initiated Montezuma County Case No. 11CV176 (the "State Court Action") by filing a Complaint in Montezuma County District Court seeking redress for alleged torts and constitutional violations arising out of the October 17, 2011 detention.

- On June 8, 201[2], Plaintiff entered into a Settlement and Release Agreement ([the] "Settlement Agreement") with Montezuma County Sheriff's Office and the Montezuma County Board of Commissioners, whereby Plaintiff waived and released all claims brought in Case No. 11CV176 or which could have been brought in Case No. 11CV176 in exchange for payment of $25,000.00.

- Plaintiff received $25,000.00 in settlement funds per the Settlement Agreement.

- Montezuma County Case No. 11CV176 was dismissed with prejudice on July 22, 2012 per the terms of the Settlement Agreement.

*See Motion* [#51] at 4-5. In support of their Motion, Defendants attach: the complaint filed in Montezuma County District Court No. 11CV176 (the "State Court Action Complaint") (Exhibit A) [#51 at 16]; the Settlement Agreement executed by Plaintiff on June 8, 2012

6

(Exhibit B) [#51 at 17-22]; a release executed by Plaintiff on June 1, 2012 (the "Release") with a signed acknowledgment that Plaintiff received a check in the amount of $25,000.00 on June 8, 2012 (Exhibit C) [#51 at 23-24]; and the order dismissing the State Court Action with prejudice on July 23, 2012 (Exhibit D) [#51 at 25].

The Settlement Agreement [#51 at 17-22] was entered into by Plaintiff, Defendant Board, and Defendant Sheriff's Office.  Among other things, in the Settlement Agreement, Plaintiff released and "forever discharge[d] any and all actions, claims, and demands whatsoever which Plaintiff may now have, whether based on state or federal statute, tort, contract or common law and which relate in any manner to the action of Defendants, [their] current or former employees, current or former elected or appointed officials, agents, representatives, successors . . . , including any actions during the pendency of the [State Court Action], including any and all claims Plaintiff may have through the date this Agreement is signed by Plaintiff . . ." *Settlement Agreement* [#51] at 18.  As noted above, the Settlement Agreement was executed by Plaintiff on June 8, 2012.  *Id.* at 20.

The Settlement Agreement further provides that the parties "mutually release, acquit, and forever discharge [each other] and their . . . agents, officers, current or former employees, . . . of and from any and all past, present, or future claims or obligations of any nature whatsoever whether asserted or not, . . . arising in any manner related to any disputes set forth in the [c]omplaint [filed in the State Court Action] or in any manner arising out of the pendency of [the State Court Action]." *Id.* at 18.  The State Court Action was brought by Plaintiff on November 3, 2011 against Defendant Board and Defendant Sheriff's Office alleging that he "was illegally arrested and held." *See State Court Action Complaint* [#51] at 16.

7

The Settlement Agreement also states:

This Agreement is intended to incorporate as an Accord and Satisfaction of all disputes and all matters between the Parties arising out of or related to the matters which are the subject in the [State Court Action Complaint] or which relate in any manner to the litigation. The Parties acknowledge that they may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to the claims released above and agree that this Agreement shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof.

*Settlement Agreement* [#51] at 18.

On June 1, 2012, Plaintiff also signed the Release which states:

I, Marion O. Harper, agree to a full and final settlement of all my claims, known and unknown, against the Montezuma County Board of County Commissioners and the Montezuma County Sheriff's Office/Sheriff Dennis Spruell in 11 CV 176 Montezuma County District Court for a total of $25,000.

*Release* [#51] at 23.  In conjunction with the Release, Plaintiff also executed a photocopy of the $25,000 check he received which reads: "[r]eceived by Marion Harper on 8 June 2012" and was signed by Plaintiff on June 8, 2012. *Id.* at 24.

## IV.  Analysis

## A.    The Settlement Agreement Precludes Plaintiff's Claim Against Defendant Cronk

"Common law contract principles govern the interpretation of settlement agreements." *Farmer Oil & Gas Props., LLC v. Southern Ute Indian Tribe*, 899 F.Supp.2d 1097, 1104 (D. Colo. 2012).  Here, the Settlement Agreement makes clear that Plaintiff agreed to release all claims against Defendant Sheriff's Office and its current or former employees relating to the claims asserted in the State Court Action or any other claims that could have been asserted in the State Court Action. *See Settlement Agreement* [#51] at 17-18.  It is also clear from Plaintiff's pleadings that Defendant Cronk was an employee of

Defendant Sheriff's Office on October 17, 2011.  *See Am. Complaint* [#43] at 2 ("On October 17th 2011 Montezuma County Undersheriff Robin Cronk arrested Plaintiff . . ."); *Response* [#67] at 3-4 ("Montezuma County Undersheriff Robin Cronk, with the aid of four Montezuma County Police SUVs, illegally arrested the Plaintiff on October 17th 2011 . . ."). Further, the claims asserted in the State Court Action are based on Plaintiff's allegation that he was "illegally arrested and held." *State Court Action Complaint* [#51] at 16.  While the specific date of the arrest is not included in the State Court Action Complaint, the State Court Action Complaint was filed on November 3, 2011.  *Id.*  In addition, the Settlement Agreement was executed by Plaintiff on June 8, 2012 and states that Plaintiff releases all claims against Defendant Sheriff's Office and its current for former employees, "including any and all claims Plaintiff may have through the date this Agreement is signed by Plaintiff. . ." *Settlement Agreement* [#51] at 18.  Therefore, giving the Settlement Agreement's language its plain meaning, Plaintiff released any claims he may have had against Defendant Cronk relating to the October 17, 2011 arrest.

Plaintiff offers no argument that the Settlement Agreement is unenforceable or otherwise not binding on the parties and no such issues are apparent based on the documents provided by Defendants.  As a result, the Court **recommends** that the Motion [#51] be **granted** to the extent it seeks summary judgment on Plaintiff's remaining claim against Defendant Cronk.

Because the Court finds that the Settlement Agreement precludes Plaintiff's remaining claim against Defendant Cronk, it will not address Defendants' argument that claim preclusion applies to the claim.

**B.      Plaintiff's Remaining Claim Sounds in State Law**

The Court notes that Plaintiff's only remaining claim—intentional infliction of emotional distress against Defendant Martinez—sounds in state law.  This is a claim which "[f]ederal law neither created . . . nor is federal law a necessary element of it."  *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 714 (10th Cir. Dec. 4, 2012) (unpublished decision) (citation and quotation omitted).  As a result, in order to consider the remaining claim, the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The exercise of supplemental jurisdiction "is within a district court's discretion."  *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. June 24, 2013).  Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir.1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").  Here, subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *See Am. Complaint* [#43] at 2.  Plaintiff does not plead any basis for diversity jurisdiction and it appears from Plaintiff's allegations that both Plaintiff and Defendant Martinez are citizens of the State of Colorado.  *Id.* at 2, 5 (identifying Plaintiff as residing in Colorado, stating that Defendant Martinez was a police officer in Colorado, and alleging that Defendant Martinez "made threatening gestures with his gun" at Plaintiff's residence in Colorado).  Thus, having recommended summary judgment on Plaintiff's claim against Defendant Cronk, the Court further **recommends** that the District Judge decline

to exercise supplemental jurisdiction over Plaintiff's remaining state law claim against Defendant Martinez and that such claim be **dismissed**.

### V. Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#51] be **GRANTED in part** and **DENIED as moot in part.**  To the extent the Motion seeks summary judgment on Plaintiff's remaining claim against Defendant Cronk, the Court respectfully **RECOMMENDS** that it be **GRANTED**.  The Court respectfully **RECOMMENDS** that the Motion be **DENIED as moot** in all other respects.

IT IS FURTHER **RECOMMENDED** that judgment be entered against Plaintiff and in favor of Defendant Cronk as to Plaintiff's claim relating to the October 17, 2011 arrest.

IT IS FURTHER **RECOMMENDED** that Plaintiff's remaining state law claim be **DISMISSED without prejudice**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th

Cir. 1996).

      Dated September 24, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge