**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02429-CMA-KLM

MARION HARPER,

    Plaintiff,

v.

ROBIN CRONK, Montezuma County Sheriff's Dept.,
ANGELO MARTINEZ, Cortez, Colorado, Police Department,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING SEPTEMBER 24, 2013
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 5.) On September 24, 2013, Judge Mix issued a Recommendation to grant in part and deny as moot in part the Partial Motion for Judgment on the Pleadings and Partial Motion for Summary Judgment (Doc. # 51). Specifically, the Magistrate Judge advised that "summary judgment on Plaintiff's remaining claim against Defendant Cronk" be granted because Plaintiff entered into a Settlement Agreement that precludes that claim. (Doc. # 81 at 9.) Judge Mix further recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state claim against Defendant Martinez for intentional infliction of emotional distress. (*Id.* at 10-11). Thereafter, Plaintiff filed an objection to Judge Mix's Recommendation (Doc. # 83), and Defendants filed a response (Doc. # 84).

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the instant case, Plaintiff objects to the Recommendation by arguing that his signature in the Settlement Agreement, which precludes his claim against Defendant Cronk, is forged. (Doc. # 83.) The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto. Based on this *de novo* review, the Court concludes that Judge Mix's Recommendation is correct and is not called into question by Plaintiff's objection. Although Plaintiff claims that the Settlement Agreement is forged, in his Objection, he acknowledges that he signed the one page settlement document. (*Id.*, ¶ 3) ("The original one-page, one-paragraph **signed by Plaintiff** on June 1st 2012 does not preclude the Plaintiff from seeking redress . . . .) (emphasis added). Moreover, despite Plaintiff's belated assertions in his Objection that the Settlement Agreement is a forgery, his signature is on both settlement documents and is notarized (Doc. # 51 at 17-23), he signed for receipt of a settlement check in the amount of $25,000 (*id.* at 24), and the state court dismissed his action with prejudice based on the settlement (*id.* at 25). Therefore, Plaintiff's conclusory and self-serving statement without more does not suffice to avoid dismissal.[1]

---

[1] Plaintiff makes no objection to Judge Mix's recommendation that this Court decline to exercise supplemental jurisdiction over his remaining claim, which is based on state law. Accordingly,

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 83) is OVERRULED. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 81) is AFFIRMED and ADOPTED as an Order of this Court. Pursuant to the Recommendation, it is

FURTHER ORDERED that the claim against Defendant Cronk is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that the claim against Defendant Martinez is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that this case is DISMISSED in its entirety.

DATED: October  28 , 2013

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

the Court adopts that recommendation and dismisses Plaintiff's remaining state claim. *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (district courts have discretion to dismiss or remand cases to state court after federal claims have been dismissed and only pendant state law claims remain), *superseded by statute*, 28 U.S.C. 1367(c)(3) (enacted 1990) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction").